## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

A'MIR EDWARD ELLINGTON                    :
WHITMIRE
5445 North Morgan Street, Apt. 203        :
Alexandria, Virginia  22312
                                          :

            and                           :

TERRI DAWN WILLIAMS WHITMIRE              :
5445 North Morgan Street, Apt. 203        :
Alexandria, Virginia  22312
                                          :

                Plaintiffs                :

        v.                                :

WILBUR CHANG, M.D.                        :
2101 East Jefferson Street                :
Rockville, Maryland 20852
                                          :

            and                           :

SEAN TURE JOHNSON, M.D.                   :
655 Watkins Mill Road                     :
Gaithersburg, Maryland 20879
                                          :

            and                           :

STEPHEN JOHN ILARIO, M.D.                 :
655 Watkins Mill Road                     :
Gaithersburg, Maryland 20879
                                          :

            and                           :

KAISER FOUNDATION HEALTH PLAN
OF THE MID-ATLANTIC STATES, INC.   :
2101 East Jefferson Street
Rockville, Maryland 20852                 :
        Serve on Resident Agent:
        Prentice-Hall Corporation System  :
        7 Saint Paul Street, Suite 820
        Baltimore, Maryland 21202         :

            and                           :

1

LAWRENCE K. JUNG, M.D.                    :
111 Michigan Avenue NW
Washington, DC 20010                      :

     and                                   :

DAVID Y. HYUN, M.D.
111 Michigan Avenue, NW                   :
Washington, DC 20010
                                          :
     and                                   :

BRITTANY E. GOLDBERG, M.D.
111 Michigan Avenue, NW                   :
Washington, DC 20010
                                          :
     and                                   :

BARBARA A. JANTAUSCH, M.D.
111 Michigan Avenue, NW                   :
Washington, DC 20010
                                          :
     and                                   :

CHILDREN'S NATIONAL
MEDICAL CENTER                            :
111 Michigan Avenue, NW
Washington, DC 20010                      :
     Serve on Resident Agent:
     C.T. Corporation System               :
     1015 15th Street, NW, Suite 1000
     Washington, DC 20005                  :

          Defendants                   :

:   :   :   :   :   :   :   :   :   :   :   :

## COMPLAINT

## JURISDICTIONAL STATEMENT

2

1.      Both the Plaintiff, A'Mir Edward Ellington Whitmire, and his mother, Terri Dawn Williams Whitmire, are citizens of the United States of America and citizens and domiciliaries of the State of Virginia.  The Plaintiff, A'Mir Edward Ellington Whitmire, is over eighteen (18) years of age, and the Plaintiff, Terri Dawn Williams Whitmore, is over twenty-one (21) years of age.

2.      The Defendants, Wilbur Chang, M.D., Sean Ture Johnson, M.D., and Stephen John Ilario, M.D., are citizens of the United States of America and citizens and domiciliaries of the State of Maryland, and are over twenty one (21) years of age.

3.      The Defendants, Lawrence K. Jung, M.D., David Y. Hyun, M.D., Brittany E. Goldberg, M.D., and Barbara A. Jantausch, M.D., are citizens of the United States of America and citizens and domiciliaries of the District of Columbia, and are over twenty one (21) years of age.

4      The amount of controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

## COUNT I

COMES NOW the Plaintiff, A'Mir Edward Ellington Whitmire, by his attorneys, Jonathan Schochor, Kerry D. Staton, and Schochor, Federico and Staton, P.A. and sues, Wilbur Chang, M.D., Sean Ture Johnson, M.D., Stephen John Ilario, M.D., Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., Lawrence K. Jung, M.D., David

3

Y. Hyun, M.D., Brittany E. Goldberg, M.D., Barbara A. Jantausch, M.D., and Children's National Medical Center, Defendants:

1.    At all times of which the Plaintiff complains, the Defendants, Wilbur Chang, M.D. (hereinafter referred to as "Chang"), Sean Ture Johnson, M.D. (hereinafter referred to as "Johnson"), Stephen John Ilario, M.D. (hereinafter referred to as "Ilario"), Lawrence K. Jung, M.D. (hereinafter referred to as "Jung"), David Y. Hyun, M.D., (hereinafter referred to as "Hyun"), Brittany E. Goldberg, M.D. (hereinafter referred to as "Goldberg"), and Barbara A. Jantausch, M.D. (hereinafter referred to as "Jantausch") represented to the Plaintiff and the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff.

2.    The Plaintiff alleges that the Defendants Chang, Johnson, Ilario, Jung, Hyun, Goldberg, and Jantausch herein, including duly authorized agents and/or employees of the Defendant corporation and the Defendant Hospital, owed to the Plaintiff the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Plaintiff, continuous evaluation of the Plaintiff's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which the Defendants failed to do.

3.     The Defendants Chang, Johnson, Ilario, Jung, Hyun, Goldberg, and Jantausch, were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to properly and appropriately diagnose the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, and were otherwise negligent.

4.     The Plaintiff alleges that the Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. (hereinafter referred to as "Kaiser"), through its agents, servants and employees, owed to the Plaintiff a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff, continuous evaluation of the Plaintiff's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation - - all of which the Defendant failed to do.

5.     The Defendant Kaiser, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed

5

to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to diagnose the Plaintiff's condition and was otherwise negligent.

6.      The Plaintiff alleges that the Defendant Children's National Medical Center (hereinafter referred to as "Hospital"), through its agents, servants and employees, owed to the Plaintiff a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff, continuous evaluation of the Plaintiff's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

7.      The Defendant Hospital, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's condition and treatment, failed to

6

employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to diagnose the Plaintiff's condition and was otherwise negligent.

8.      At all times referred to herein, the Defendants Chang, Johnson, Ilario, Jung, Hyun, Goldberg, and Jantausch acted for themselves and as duly authorized agents and/or employees of the Defendant Kaiser and/or the Defendant Hospital, acting within the scope of their respective authority.

9.      As a direct and proximate result of the negligence of these Defendants and each of them, the Plaintiff suffered unending physical pain, emotional anguish as well as severe disability as is more fully described, hereinbelow.

10.      It is alleged that the Plaintiff, Amir Edward Ellington Whitmire, is an 19-year-old male with a medical history significant for sickle cell trait.  In 2010, when the Plaintiff was 11 years of age, he began experiencing right leg pain.  He first presented to his pediatrician on May 6, 2010, to address the leg pain.  It is alleged that the pediatrician was a duly authorized agent and/or employee of the Defendant Kaiser.  The pediatrician ordered a hip x-ray which was normal.   Additionally, in May 2010, the Plaintiff saw a podiatrist who evaluated the Plaintiff for a shoe insert.  At that time, this health care practitioner, also a duly authorized agent and/or employee of the Defendant Kaiser, observed the Plaintiff to have a very antalgic gait with his right foot circumducted during the gait cycle.  He was also noted to have "brawny edema" at the middle 1/3 of the right tibia.  At that time, he was referred to orthopedics as podiatry believed no shoe insert would be helpful.  Thereafter, as a result, it is alleged that the Plaintiff saw the Defendant Ilario who reviewed the x-ray, performed a physical examination, and diagnosed the Plaintiff

with a muscle strain on May 17, 2010.  At all relevant times, the Defendant Ilario held himself out to be an expert in orthopedic surgery.

11.     It is alleged that the Plaintiff's leg pain persisted and in November of 2010, it became so severe that he had days when he could not walk.  His Kaiser pediatrician again referred the Plaintiff back to orthopedics. Accordingly, the Plaintiff saw the Defendant Ilario on November 30, 2010, at which time a physical examination revealed knee range of motion from 0-125 degrees with pain in the knee.  The Defendant Ilario ordered magnetic resonance imaging (MRI) of the knee which was performed on December 13, 2010, and read by the Defendants Chang and Johnson -- who at all times referred to herein held themselves out to be experts in radiology and/or orthopedics respectively, and were duly authorized agents and/or employees of the Defendant Kaiser.  It is alleged that the Defendants Chang and Johnson negligently interpreted the MRI to confirm the presence of a cortical desmoid lesion -- a tug lesion.  In reality, however, the MRI was not diagnostic of any tug lesion.  Rather, it was suspicious for osteomyelitis which needed to be appropriately diagnosed in a timely fashion followed by appropriate medical and/or surgical intervention.

12.     It is alleged that the standards of care required further imaging of the Plaintiff which would have confirmed the presence of osteomyelitis.  Upon making the appropriate diagnosis in conformity with the standards of care, infectious disease and/or other specialists would have been consulted and the Plaintiff would have been appropriately treated with antibiotic therapy for the requisite period of time to eradicate the infection.  However, due to the continuing negligence of these Defendants and each of

them, no appropriate diagnosis was made and therefore, the osteomyelitis was left to progress as is more fully described, hereinbelow.

13.     Rather than following up on the MRI as required by the standards of care, it is alleged that the Defendant Ilario negligently referred the Plaintiff to a rheumatologist -- thus depriving the Plaintiff of any chance of having an appropriate diagnosis made with proper treatment.

14.     In February of 2011, the Plaintiff, A'mir Edward Ellington Whitmire, then 12 years of age, presented to the Children's National Medical Center having been referred for complaints of right knee and hip pain.  Indeed, the Plaintiff reported that at times, his pain was so severe that he required crutches to ambulate.  He was seen by the Defendant Lawrence K. Jung, M.D. who, at all relevant times, held himself out to be an expert in rheumatology.   Dr. Jung acknowledged that he had not yet received the results of bloodwork and imaging performed at an outside institution.   Nevertheless, after examination and evaluation, he diagnosed the Plaintiff with monoarticular arthritis despite the Plaintiff's age and gender being atypical and inconsistent with that diagnosis.  It is alleged that the Defendant Jung violated accepted national standards of care when he diagnosed the Plaintiff with monoarticular arthritis.  Not only did the Plaintiff not fit the age or gender profile for that disease process, but the Defendant lacked sufficient laboratory, imaging, or other clinical evidence to support the diagnosis.

15.     It is alleged that had the Defendant complied with the national standards of care, he would have reached an appropriate diagnosis of osteomyelitis, the condition with which the Plaintiff suffered.  Thereafter, the Plaintiff would have been referred for further evaluation and proper treatment by experts in the field of infectious diseases, experts in the

field of orthopedic surgery, and/or others.  Instead, however, the Defendant prescribed Naprosyn, a non-steroidal anti-inflammatory drug, which is ineffective in treating osteomyelitis.

16.     On April 5, 2011, the Plaintiff returned to the Defendant Hospital where he was again seen by the Defendant Jung.  The Defendant Jung noted that, despite the administration of Naprosyn, the Plaintiff's symptoms continued without relief.  Indeed, the Plaintiff reported having been seen in the emergency department of an outside institution one week prior due to pain.  Contrary to the national standards of care, the Defendant Jung merely increased the dosage of the Plaintiff's anti-inflammatory medication without taking the required steps to confirm or rule out his initial misdiagnosis.  Specifically, the Defendant documented the fact that the Plaintiff's work-up was negative for a rheumatological etiology.  However, the Defendant negligently failed to obtain any laboratory tests or studies, negligently failed to obtain any imaging studies, and negligently failed to follow-up on studies which the Defendant knew had been previously performed at an outside institution, which he had anticipated receiving as of his initial consultation. The Plaintiff alleges that had this Defendant complied with the national standards of care, he would have obtained laboratory, imaging and/or other diagnostic information which would have ruled out the diagnosis of monoarticular arthritis and ruled in the correct diagnosis of osteomyelitis -- all of which would have resulted in appropriate consultations, and evaluation and treatment by experts in the field of infectious diseases and/or others.

17.     On August 4, 2011, the Plaintiff returned to the Defendant Jung at the Defendant Hospital for a repeat examination and evaluation.  By that time, he had been placed in physical therapy for his continuing complaints despite the ongoing administration

10

of anti-inflammatory medication.  Additionally, the Plaintiff had undergone laboratory studies which demonstrated a negative test for lyme disease but elevated sedimentation rates and C-reactive protein markers.  Again, had the Defendant complied with the national standards of care and obtained the previously conducted MRI, he would have known or, by the exercise of due care should have known, that the MRI results were negative for arthritis and, in conjunction with increased inflammatory markers, indicated the presence of an infectious process mandating evaluation by appropriate specialists.  Indeed, laboratory results from studies ordered that day by the Defendant showed elevated inflammatory markers.  Contrary to the national standards of care, the Defendant merely continued the Plaintiff on Naprosyn for three months.

18.     On January 12, 2012, the Plaintiff presented to the Defendant Jung at the Defendant Hospital for a follow-up evaluation.  At that time, he reported a history of intermittent numbness and swelling over the last several months despite the ongoing use of Naprosyn in conjunction with physiotherapy.  Following physical examination, the Defendant ordered additional laboratory studies to check the Plaintiff's inflammatory markers and merely continued him on Naproxin for another three months.  The January 12, 2012 laboratory studies for the Plaintiff's inflammatory markers demonstrated a further elevation in the sedimentation rate.  Yet, no further follow-up was undertaken by the Defendant in continuing violation of the national standards of care.

19.     From January 12, 2012 until October 28, 2013, the Plaintiff labored under the erroneous diagnosis of monoarticular arthritis when, in fact, he had osteomyelitis which was now chronic in nature.  Further diagnostic studies at an outside institution ultimately culminated in a CT guided right femoral biopsy performed at the Defendant Hospital -- the

results of which were non-diagnostic. Accordingly, on October 28, 2013, the Plaintiff underwent an open biopsy of his bone at the Defendant Hospital. Those results demonstrated the presence of chronic osteomyelitis which heretofore had been negligently undiagnosed and untreated.

20.     On November 12, 2013, the Plaintiff was admitted to the Defendant Hospital for further evaluation and treatment of his recently diagnosed chronic osteomyelitis of the right distal femur. He was seen and evaluated by infectious disease and was placed on IV antibiotics for treatment of chronic osteomyelitis of his distal femur.

21.     From November of 2013 to the present, the Plaintiff has undergone treatment of his osteomyelitis which has advanced from an acute infection to a chronic process, including multiple hospitalizations, surgeries, recurrent long-term intravenous and antibiotic administration, as well as the surgical placement of antibiotic beads. He also had multiple bone curettage procedures and debridement. It is alleged that had the Defendants made a timely and proper diagnosis, the Plaintiff's osteomyelitis would have been recognized and treated in an acute phase, and would have been successfully eradicated with the administration of a course of IV antibiotic therapy. However, as a result of the negligence of the Defendants and each of them, the Plaintiff underwent the multitude of therapies mentioned above, has been relegated to lifetime administration of antibiotic therapy, and faces the prospect of requiring replacement of his femur with a prothesis.

22.     In September of 2013, the Plaintiff returned to his primary care physician - - a duly authorized agent and/or employee of the Defendant Kaiser -- because of continuing pain in his leg. At that time, the primary care physician ordered x-rays of the Plaintiff's hip and knee which were abnormal, that finally culminated in a bone biopsy which

confirmed the diagnosis of osteomyelitis.  However, by that time, intervention essentially proved to be too little and too late.  The Plaintiff was subsequently treated at an outside institution by pediatric orthopedics and pediatric infectious disease specialists.  The Plaintiff subsequently required multiple surgical and bone debridements in an effort to arrest the advanced osteomyelitis.  Further, he required multiple antibiotic bead placements within the marrow of his bone, in a further effort to arrest the infection.  Tragically, none of the intervention proved timely, and the Plaintiff currently suffers with ongoing osteomyelitis.  It was not until January, 2016 that the Plaintiffs first suspected the possibility that a misdiagnosis or inappropriate treatment occurred.

23.    As the direct and proximate result of the negligence complained of, the Plaintiff is now unable to ambulate appropriately.  He depends upon various assistive devices on an ongoing basis.  He is still required to continue with intravenous antibiotic therapy as well as oral medication; has been unable to appropriately attend school; continues with severe and unremitting pain requiring narcotic medications; and will likely require lifetime antibiotic coverage versus amputation, which is a very real probability under these tragic circumstances.

24.    It is alleged that the Plaintiff has in the past, is presently, and will in the future continue to suffer severe physical pain, emotional anguish as well as fear and anxiety, humiliation and embarrassment over his condition.  The Plaintiff has lost his ability to engage in those activities he once enjoyed, and will be unable to engage in normal activities of a young man and adult in the future -- all due to the negligence of these Defendants.    In essence, it is alleged that the Plaintiff has had the quality of his life

destroyed, and will be severely hampered in obtaining and/or holding gainful employment in the future.

25.    Further, it is alleged that the Plaintiff has in the past, is presently, and will in the future continue to incur hospital, surgical, medical, physiotherapeutic, pharmacological, nursing, custodial, and other losses and expenses for which claim is made.

26.    The Plaintiff refers to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages and severe and permanent disability from which he suffers -- with the Plaintiff being in no way contributorily negligent.

27.    The negligence complained of occurred in Prince George's County, Maryland, and the District of Columbia.  Venue is claimed in United States District Court for the District of Columbia.  The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

WHEREFORE, the Plaintiffs claim damages in excess of the minimum jurisdictional amount.

_____
Jonathan Schochor #126102

_____
Kerry D. Staton #413637

14

Schochor, Federico & Staton, PA

_____

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 - office
(410) 234-1010 - fax
jschochor@sfspa.com
kstaton@sfspa.com
*Attorneys for the Plaintiff*

## COUNT II

COMES NOW the Plaintiff, Terri Dawn Williams Whitmire, by her attorneys, Jonathan Schochor, Kerry D. Staton, and Schochor, Federico and Staton, P.A. and sues, Wilbur Chang, M.D., Sean Ture Johnson, M.D., Stephen John Ilario, M.D., Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., Lawrence K. Jung, M.D., David Y. Hyun, M.D., Brittany E. Goldberg, M.D., Barbara A. Jantausch, M.D., and Children's National Medical Center, Defendants:

1.      The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2.      The Plaintiff has in the past, is presently, and will in the future incur hospital, surgical, pharmacological, physiotherapeutic, nursing, custodial, and other losses and expenses for which claim is made.

3.      The negligence complained of occurred in Prince George's County, Maryland, and the District of Columbia.  Venue is claimed in United States District Court

for the District of Columbia.  The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

WHEREFORE, the Plaintiffs claim damages in excess of the minimum jurisdictional amount.

_____

Jonathan Schochor #126102

_____

Kerry D. Staton #413637

_____

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000 - office
(410) 234-1010 - fax
jschochor@sfspa.com
kstaton@sfspa.com

*Attorneys for the Plaintiffs*